IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 3:20cr78-HEH |
| v. ) | |
| ) | |
| MATTHEW LEE FREZZA, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' POSITION ON SENTENCING

The United States of America, through its attorney, Erik S. Siebert, Assistant United States Attorney, hereby submits its position with respect to sentencing. The United States concurs with the Probation Officer's determination that the defendant's Total Offense Level is 17, Criminal History Category V, with a guideline range of 46-57 months. *See* PSR, Part D. Pursuant to the factors contained in 18 U.S.C. § 3553(a) and for the reasons set forth below, the United States recommends a high end guideline range sentence of 57 months imprisonment.

### I.     Background

On June 12, 2020, Richmond Police Department ("RPD") officers observed a caravan of three trucks driving recklessly near the Robert E. Lee Monument, in Richmond, Virginia, during a period of civil unrest. PSR ¶ 8. Based on this reckless driving, RPD officers executed a traffic stop on one of the pickup trucks at the intersection of Old Mill Road and Boatwright Road. *Id.* Upon approaching the truck, RPD officers observed three occupants inside, with an individual later identified as Matthew Lee Frezza ("Frezza") in the front passenger seat of the truck. *Id.* RPD officers further observed all three occupants of the truck armed with firearms, to include

1

assault rifles.  *Id.*

Based on the presence of the firearms and the vehicles reckless driving at the Robert E. Lee Monument, RPD Officers requested the three occupants step out of the truck.  *Id.*  As Frezza exited the truck, RPD officers took an assault rifle from his possession, removed a handgun and two clips from a holster on his thigh, and removed a ballistic vest from his body that contained six rifle magazines with ammunition.  *Id.*  On the scene, RPD Officers determined that Frezza was a convicted felon and placed him under arrest.  *Id.*  Frezza knew he was a convicted felon at the time of his possession of the firearms.  *Id.*

The handgun possessed by Frezza was a Taurus, Model G3, 9mm caliber, semi-automatic pistol, serial number AAL106312.  *Id.*  This firearm was manufactured outside of the Commonwealth of Virginia and therefore travelled in and affected interstate commerce prior to Frezza's possession on June 12, 2020.  *Id.*  The assault rifle possessed by Frezza was later determined to be a homemade rifle without a serial number, which contained a loaded high capacity magazine.  *Id.*  Frezza later admitted to firing both firearms on previous occasions.  PSR ¶ 12.

A follow up investigation revealed that Frezza was a member of a group called the "Virginia Coalition."  PSR ¶ 10.  On June 12, 2020, investigators learned that Frezza and other Virginia Coalition members traveled in a caravan to Richmond to pick up a team of Virginia Coalition members that had attended an event at the Robert E. Lee Monument in an effort to gather information on Antifa related groups.  *Id.*  While leaving the area of the Robert E. Lee Monument, a bystander reported to RPD officers that one of the trucks in the caravan struck his bike and caused him to fall down.  *Id.*

On July 9, 2020, a Grand Jury in the Eastern District of Virginia returned a single-count Indictment charging Frezza with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  PSR ¶ 1.  On July 27, 2020, Frezza made his initial appearance in federal court on the Indictment.  PSR ¶ 2.  On August 25, 2020, Frezza plead guilty to count one of the Indictment, with a written plea agreement.  PSR ¶ 3.  The Court scheduled Frezza's sentencing hearing for December 10, 2020.

## II.     Position on Sentencing

Based on the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to deter the defendant and others, the defendant's continuing danger to the public, and the defendant's persistent lack of respect for the law, the United States asks the Court to impose a sentence of 57 months.

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.  First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range."  *United States v. Diosdado-Star,* 630 F.3d 359, 363 (4th Cir. 2011) (quoting *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006)).  "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *Moreland*, 436 F.3d at 432.  In making this determination:

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

3

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (*quoting* 18 U.S.C. § 3553(a)).

A.     **Nature and Circumstances of the Offense**

In this case, Frezza traveled in a multi-vehicle caravan to the vicinity of the Robert E. Lee Monument with other members of a group called the Virginia Coalition. The purpose of the trip was to extract Virginia Coalition members who were attempting to gather intelligence on Antifa related groups who had attended a march near the Monument. In choosing to arm himself with an assault rifle, a Taurus pistol, a ballistic vest, and eight ammunition magazines for this mission, all as a convicted felon, Frezza egregiously broke the law. By joining with an assemblage of individuals also armed with assault rifles, handguns, and ballistic vests, during a period of civil unrest, Frezza and his cohorts illegal actions only aggravated an already chaotic situation. This combination of armed individuals attempting to infiltrate a rival group, amidst a period of civil unrest, had the potential for extreme violence.

The homemade assault rifle possessed by Frezza in this case is also extremely concerning. As a firearm capable of accepting a large capacity magazine, this assault rifle had the ability to inflict significant loss of life. Just as troubling, however, is that because the rifle did not have a serial number it would be extremely difficult to trace if used in a violent crime.[1] For this reason, this Court should take into consideration the dangerous nature of this assault rifle possessed by Frezza.

---

[1] Based on the facts in this case, the United States is not asking the Court for a four point adjustment for an altered or obliterated serial number, pursuant to U.S.S.G. § 2K2.1(b)(4). The United States has found no evidence that the assault rifle possessed by Frezza had a serial number at any time and therefore it could not have been altered or obliterated.

Thus, due to the nature and circumstances of the defendant's offense, the United States believes a sentence of 57 months is appropriate.

**B.      History and Characteristics of the Defendant**

Frezza is a 37-year-old man from Chesterfield, Virginia.   Prior to his illegal actions in this case, Frezza accumulated a significant criminal history, to include 25 convictions, resulting in a Criminal History Category Level V.   PSR ¶¶ 34-49.   This Criminal History Category Level V does not include ten other convictions for which Frezza received zero criminal history category points.   *Id.*

Starting at the age of 19 and continuing until the age of 31, Frezza engaged in a series of fraudulent activities that lead to three convictions for obtaining money by false pretenses, three convictions for felony larceny-3rd offense, a conviction for petit larceny, and a conviction for shoplifting.   PSR ¶¶ 35, 39, 42-43.   In addition, Frezza has otherwise accumulated convictions for multiple other crimes to include damaging public building, brandishing a firearm, dog at large, assault & battery-family member, failure to comply on three separate occasions, failure to appear on three separate occasions, driving under revocation/suspension on six separate occasions, and trespassing.   PSR ¶¶ 34, 36-49.   Each of these convictions reveal Frezza as an individual who has no respect for the law, fails to abide by court orders, and is a recidivist criminal.

Frezza has six children—ages 19, 18, 16, 13, 11, and 8.   PSR ¶¶ 72-74.   According to the Virginia Division of Child Support Enforcement, Frezza owes $8,003.35 in child support for four of his children.   PSR ¶ 75.   Frezza is currently married to C.K., however, they are

5

separated. PSR ¶ 74. Frezza's juvenile children were taken away from both parents in 2014 following their arrests and they live with a relative in Virginia Beach. *Id.*

The defendant reports a myriad of health problems to include mitral valve prolapse, chronic bronchitis, back problems, hepatitis C, and a mass in his liver. PSR ¶ 78. A review of Frezza's mental health history finds claims of bipolar disorder, attempted suicide, anxiety, and depression. PSR ¶¶ 79-80. These conditions have reportedly led to treatment and hospitalizations as a juvenile and adult. *Id.*

Frezza has a long history of alcohol and drug abuse dating back to the age of 12. PSR ¶ 81. In regard to drug use, Frezza stated he started using marijuana daily at the age of 13. PSR ¶ 81. At the age of 15, Frezza started using powdered cocaine and at age 16 progressed to using crack cocaine and ecstasy. *Id.* Upon turning 24 years old, Frezza stopped using drugs but temporarily reverted back to using pain pills and heroin at the age of 30. *Id.* In 2014, Frezza stopped using alcohol and drugs and began attending Narcotics Anonymous in 2016. *Id.*

Frezza reportedly attended Potomac High School through 11th grade but dropped out at the birth of his first child. PSR ¶ 82. Over the course of his life, Frezza has worked a variety of jobs, including as a detailer and heavy equipment operator. PSR ¶¶ 83-87.

An analysis of Frezza's history and characteristics show an individual constantly in trouble with the law since the age of 19, who has displayed a complete and utter lack of respect for authority. The multiple instances of fraud and recidivist nature of the defendant require a sentence of 57 months to adequately take into consideration his history and characteristics.

### C.  A Sentence Within the Guidelines Serves the Factors of § 3553

####    1.  Seriousness of the Offense; Provide Adequate Punishment

The seriousness of this offense against Frezza cannot be overstated. By inserting himself into the epicenter of the civil unrest at the Robert E. Lee Monument, alongside a group of armed individuals, Frezza made an extremely poor decision. By choosing to arm himself with two firearms and eight loaded magazines, while a convicted felon, Frezza committed a crime. With an assault rifle, pistol, and hundreds of rounds of ammunition in his possession, and multiple other firearms in possession of other Virginia Coalition members that accompanied him, Frezza and his associates made a volatile situation even worse.

Due to Frezza's actions, and the actions of his fellow Virginia Coalition members, RPD officers were pulled from their duties monitoring the civil unrest and forced to investigate claims of armed parties near the Robert E. Lee Monument. These actions distracted police officers from maintaining the peace and protecting individuals and property from harm. Despite Frezza's claims that he intended to remain non-violent and was only attempting to assist the authorities by gathering information on anti-government groups, his actions further exacerbated an already tense and difficult situation for law enforcement. Most importantly, Frezza's actions placed numerous innocent bystanders into a potentially dangerous setting.

For all these reasons, the United States asks the Court to consider the serious nature of these charges and sentence the defendant to 57 months imprisonment.

####    2.  Need to Deter Future Criminal Conduct

A significant sentence in this case will ensure that defendant fully appreciates the gravity of his conduct. With repeated and continued violations of the law, Frezza is in

desperate need of a sentence that will deter him from future criminal conduct. By arming himself with an assault rifle and a pistol as a convicted felon, and then traveling to the Robert E. Lee Monument during a period of civil unrest, Frezza committed a serious crime. This brazen behavior and disregard for others shows a significant sentence is needed to promote deterrence. Likewise, a sentence of 57 months is sufficiently lengthy that it will encourage other convicted felons not to engage in further violations of the law.

    3.    <u>Need to Protect Public from Defendant's Future Criminal Conduct</u>

In this case, Frezza illegally possessed two firearms and hundreds of rounds of ammunition while traveling to a heavily populated area during a period of civil unrest. The assault rifle in this case, a homemade firearm without a serial number, accepted a large capacity magazine and was capable of firing hundreds of rounds per minute. Likewise, the pistol and two separate magazines recovered from a tactical holster from Frezza's person suggests he was an individual ready for and anticipating a significant firefight. By arming himself with weapons while traveling to an area occupied by a group of protestors, Frezza exhibited a willingness to commit a significant act of violence if required. This mentality requires this Court to deem Frezza a continuing threat to the public. Therefore, a sentence of 57 months is appropriate to protect the public from defendant's future criminal behavior.

    4.    <u>Need to Provide Treatment to Defendant</u>

Frezza reports a history of substance abuse and mental health problems. The United States recommends the defendant should receive suitable treatment for his mental health issues, in order to prevent harm to himself and others.

5. <u>Need to Avoid Unwarranted Disparities</u>

A sentence of 57 months will ensure that no unwarranted disparity exists between his sentence and the sentence of a like-positioned defendant.

### III. Conclusion

For the reasons stated above, the United States submits that a total sentence of 57 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

/s/
Erik S. Siebert
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: erik.s.siebert@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Joseph Camden, Esquire
>Office of the Federal Public Defender
>701 E. Broad Street
>Richmond, Va 23219

>/s/
>Erik S. Siebert
>Assistant United States Attorney
>United States Attorney's Office
>919 East Main Street, Suite 1900
>Richmond, Virginia 23219
>Phone: (804) 819-5400
>Fax: (804) 771-2316
>Email: erik.s.siebert@usdoj.gov